IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARIS SANTIAGO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 11-cv-915-DRH-CJP |
| | ) |
| J.S. WALTON, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Aris Santiago filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). According to the petition, he pled guilty to a charge of being a felon in possession of a firearm in the Northern District of Illinois in October, 2006. He was sentenced to 96 months imprisonment, to be followed by 3 years supervised release. He now raises the following issues:

1. The sentence of 96 months was unreasonable because it is longer than necessary and "draconian."

2. Under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), sentencing enhancements not found by a jury or admitted by the defendant are unconstitutional.

3. His conviction violates his Second Amendment right to possess a firearm.

4. The sentencing court lacked subject matter jurisdiction to increase his sentence based on facts other than a prior conviction where those facts were not charged in the indictment, admitted by petitioner or found by a jury beyond a reasonable doubt.

## I.  Relevant Facts

Mr. Santiago entered his guilty plea on October 17, 2006, and was sentenced on January 26, 2007 (Doc. 1).  He appealed to the Seventh Circuit Court of Appeals.  The Seventh Circuit summarized the facts regarding sentencing as follows:

> Santiago's presentence report recommended that his base offense level be enhanced four levels because he used the firearm in the commission of another felony, an attempted home invasion.  See U.S.S.G. § 2K2.1(b)(6).  The government anticipated introducing at sentencing a tape-recorded conversation between Santiago and another individual planning the break-in.  At the hearing, however, Santiago conceded that the enhancement should apply.  The district court therefore applied it without listening to the tape and calculated a guidelines range of 84 to 105 months' imprisonment.
>
> The court then invited argument on the sentencing factors in 18 U.S.C. § 3553(a).  The government argued that Santiago should receive a sentence at the high end of the guidelines range because, in the government's view, he was a high-ranking gang member and a danger to the community.  The district court permitted the government, with no objection from Santiago, *738 to introduce the tape to prove his gang affiliation because, according to the PSR, he denied it.  Santiago in turn asked the court to consider that he might be required to serve additional time if his state parole is revoked.  The judge thought that was unlikely.  The court added that it surmised, although did not think it "necessary to pin down," that Illinois might credit Santiago's federal imprisonment to a future sentence.  The court ultimately chose a sentence in the middle of the guidelines range, 96 months, because of Santiago's youth, family life, and his apparent desire to reform.

*U.S. v. Santiago*, 250 Fed. Appx. 736, 737-738 (7th Cir. 2007).

On direct appeal, his appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw.  Counsel's "facially adequate" brief identified the following potential issues:

1. Whether 18 U.S.C. § 928(g)(1) is unconstitutional because it does not require the government to prove that defendant's possession of a firearm

substantially affected interstate commerce;

2. Whether the trial court violated *United States v. Booker*, 543 U.S. 220 (2005), by enhancing Santiago's base offense level using facts found by the judge, and not a jury.

3. Whether the tape recording was improperly introduced in light of his concession that the enhancement applied.

4. Whether the trial court erred in refusing to consider the possibility that Santiago's state parole might be revoked.

5. Whether his total sentence of 96 months plus 3 years supervised release is longer than the statutory maximum of 10 years.

The Seventh Circuit concluded that none of these issues had any merit and dismissed the appeal. *Santiago*, 250 Fed. Appx. at 739.

Mr. Santiago then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He raised three issues:

1. His conviction for being a felon in possession of a firearm violated his Second Amendment right to possess firearms.

2. Counsel was ineffective for failing to object to the four level enhancement under U.S.S.G. § 2K2.1(b)(6).

3. Appellate counsel was ineffective for filing an *Anders* brief and moving to withdraw without raising the above two issues.

The District Court determined that the first point was frivolous and that the second and third points had no merit because Santiago conceded at sentencing that the four level enhancement applied. *Santiago v. U.S.*, 2009 WL 3824695 (N.D. Ill. 2009).

## II.  Petitioner's Custody Status

According to the BOP Inmate Locator, petitioner was released from the BOP

on July 13, 2013.  *See* http://www.bop.gov/iloc2/LocateInmate.jsp (accessed on November 26, 2013).  He is, however, serving a three year term of mandatory supervised release.  Therefore, he remains "in custody" for purposes of this habeas petition.  *See Cochran v. Buss*, 382 F.3d 637, 640 (7th Cir. 2004), and cases cited therein.

### III.     Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him.  Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction."  *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  The statute limits a prisoner to one challenge of his conviction and sentence under § 2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

§ 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *See also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In order to fit within the savings clause, a petitioner must first show that his argument for habeas relief relies on a change in the law that occurred after his first § 2255 motion.  Three additional qualifications must be met: 1) the change in the law must be retroactive, 2) the change must "elude the permission in section 2255 for successive motions," and 3) the change cannot simply be a difference between the law in the circuit which sentenced the petitioner and the circuit in which he is incarcerated.  *Davenport*, 147 F3d at 611.  In addition, petitioner must "establish that his theory supports a non-frivolous claim of actual innocence." *Kramer,* 347 F3d at 217.

### IV.     Analysis

It is clear that Santiago's petition does not fit within the savings clause of § 2255(e) and must be dismissed.  The grounds advanced by petitioner are arguments that he raised or could have raised on direct appeal or in his § 2255 motion.

The first ground, the reasonableness of his sentence, could obviously have been raised on direct appeal. The third ground, that his conviction violated his Second Amendment right to bear arms, was raised in his § 2255 motion. The second and fourth grounds both challenge the enhancement of his base offense level on facts found by the sentencing judge. This point was raised counsel's *Anders* brief on direct appeal in the context of *United States v. Booker*, 125 S.Ct. 738 (2005). The Seventh Circuit found that the point was frivolous because a "sentencing judge may make factual findings under the advisory guideline regime and the ultimate sentence imposed, if reasonable and below the statutory maximum, will be affirmed." *Santiago*, 250 Fed. Appx. at 738.

Petitioner does not rely on any change in the law that postdates his § 2255 motion. Thus, he has not met the first requirement for the application of the savings clause. *Davenport*, 147 F3d at 611; *Kramer*, 347 F3d at 217.

## V. Conclusion

Mr. Santiago has not shown that § 2255 is an inadequate remedy, and he has not me the *Davenport* criteria for challenging his sentence via § 2241. Therefore, his § 2241 petition is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 2nd day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.02 11:37:07 -06'00'

**Chief Judge**
**United States District Court**